United States District Court
For the Northern District of California

1

2

3                         UNITED STATES DISTRICT COURT

4                         NORTHERN DISTRICT OF CALIFORNIA

5

6

7   SHERRI STEWART, et al.,

8              Plaintiffs,                    No. C 12-6272 PJH

9        v.                                   **ORDER RE STIPULATION TO EXTEND
                                              CLASS CLAIMS PERIOD**
10  ERICSSON COMMUNICATION, INC.,
    et al.,
11
               Defendants.
12  _____/

13       Before the court is the parties' stipulation requesting an extension of the class claims

14  period.  Under the original schedule, class members were due to submit their claims by

15  February 3, 2014; the claims administrator was to certify completion of the claims period by

16  February 10, 2014; and plaintiffs' counsel was to file a statement of completion by February

17  17, 2014.  See Dkt. 37 at 3.  The parties now seek to extend the claims submission

18  deadline to February 21, 2014; the deadline for certifying completion of the claims period to

19  February 26, 2014; and the deadline for filing a statement of completion to February 28,

20  2014.  The request is based on the fact that "additional class members have communicated

21  with class representative Sherri Stewart and class counsel, and have informed them that

22  they wish to submit claims." Dkt. 38 at 2.  The parties thus request these extensions of

23  deadlines "to allow those class members who have communicated a desire to submit

24  claims to do so." Id.

25       The court notes that, when the parties moved for preliminary approval of the

26  proposed settlement, they stated that the class consisted of 38 individuals who could be

27  "readily identified through payroll records and other documents in possession" of

28  defendant. Dkt. 31 at 14-15.  In the current stipulation, the parties do not make clear

United States District Court

For the Northern District of California

1  whether the "additional class members" who now "wish to submit claims" are part of the

2  originally-identified 38 class members, or whether these are newly-identified individuals.  If

3  they are newly-identified, it would appear that the parties' original estimate of 38 class

4  members was incorrect, which raises the question of whether the parties' notice was

5  sufficient to reach all individuals who should have been included in the class.  Regardless,

6  the court does agree that all class members should be given sufficient time to submit

7  claims, and therefore GRANTS the parties' stipulation.

8       However, the parties' stipulation does not include a date for the filing of a motion for

9  final approval, and indeed, the preliminary approval order also fails to include any such

10  date.  Thus, the parties are directed to file a motion for final settlement approval by

11  **February 19, 2014**.  In addition to addressing Rule 23(a) and 23(b), the requested

12  attorneys' fees, and the requested service payments for the named plaintiffs, the motion

13  must also address the issues raised above – namely, (1) whether the parties' original

14  estimate of 38 class members was accurate, and (2) whether the parties' notice reached all

15  individuals who should have been included in the class.  Because the motion for final

16  approval will be filed before the end of the claims period, the court will allow plaintiffs'

17  counsel to file a brief "statement of completion" on February 28, 2014, but that statement

18  shall merely update the court regarding any claims received just before the submission

19  deadline, and shall be limited to five pages.

20       The motion for final approval shall be heard at 9:00am on March 5, 2014, the same

21  hearing date that was set forth in the court's preliminary approval order.

22

23  **IT IS SO ORDERED.**

24  Dated: February 13, 2014

25  PHYLLIS J. HAMILTON
   United States District Judge

26

27

28

2